1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10 JERRY EUGENE BEST, CDCR #E-86772, | Civil No. 12cv2491 JLS (WMc) |
| 11 | **REPORT &** |
| Plaintiff, | **RECOMMENDATION OF U.S.** |
| 12 v. | **MAGISTRATE JUDGE RE:** |
| | **GRANT OF DEFENDANTS'** |
| 13 D. URIBE; D. ZANCHI; D. | **MOTION TO DISMISS** |
| CHAPMAN; J. DIAZ; S. | **PLAINTIFF'S COMPLAINT** |
| 14 SANDOVAL; D. CAMARGO; D. | **PURSUANT TO FED.R.CIV.P.** |
| BAILEY; J. BURGOS, | **12(b)(6)** |
| 15 | |
| Defendants. | |
| 16 | |

## I.

## <u>INTRODUCTION</u>

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  In the complaint, Plaintiff alleges Defendants' decision to identify him as a gang member in the prison central file despite his denials and requests to remove the inaccurate information constitutes a failure to protect in violation of the Constitution's Eighth Amendment.  [ECF No. 1.]  Defendants Bailey, Burgos, Carmago, Diaz, Sandoval and Uribe filed a motion to dismiss the complaint for failure to state a claim on July 22, 2013. [ECF No. 17-1.]  On August 28, 2013, Defendant Chapman and Zanchi joined in the motion to dismiss.  [ECF No. 22.] After receiving an extension of time, Plaintiff filed an opposition to the motion to dismiss on August 30, 2013.  Defendants did not file a reply in support of the motion to dismiss.

This Report and Recommendation is submitted to United States District Judge Janis L. Sammartino pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.3 of the United States District Court for the Southern District of California.  After reviewing the pleadings, parties' briefs and exhibits filed in support thereof, for the reasons set forth below, the Court recommends that Defendants' Motion to Dismiss be **GRANTED** as discussed in detail below.

## II.

## FACTUAL ALLEGATIONS

### A.  California Correctional Institution

Plaintiff alleges on May 13, 2009, he attended an annual review of the California Correctional Institution's ("CCI") classification committee.  [ECF No. 1 at 4.]  At the annual review, Plaintiff was given a Confidential Disclosure Form by acting facility captain D. Chapman which indicated Plaintiff was a member of the West Sacramaniac skinhead gang. [*See* ECF No. 1 at 23-24.]  Plaintiff alleges he informed D. Chapman that he was not a member of any gang and that the gang he was accused of belonging to was fictitious.  Plaintiff also claims he voiced his concerns about the misclassification to D. Zanchi, another facility captain at California Correctional Institution.  [*Id.*]  Plaintiff contends that when he explained the inaccurate gang affiliation information would threaten his safety and requested the notation be removed from his C-file, he was told he should "grow some hair" and was instructed to raise the issue in a form 602 - inmate appeal.  [ECF No. 1 at 4.]  Plaintiff filed a 602 form, dated May 18, 2009, as directed. [*See* Exhibit 1 to Complaint, ECF No. 1 at 10.]  In the form, Plaintiff requested removal of the gang affiliation information from his central file.  [ECF No. 1 at 12.] On June 10, 2009, Plaintiff's inmate appeal was denied at the second level.  [*Id.* at 16.]  On October 7, 2009, the denial of Plaintiff's inmate appeal was affirmed at the director's level. [*Id.* at 18.]

///

///

**B.  Calipatria State Prison**

Plaintiff alleges he complained about the misclassification to Calipatria's Facility B Captains Kellerman and J. Anaya. [ECF No. 1 at 4.]

**C.  Centinela State Prison**

Plaintiff claims he informed the ICC Committee at Centinela on August 26, 2010 that he had been misclassified as a gang member.  [ECF No. 1 at 28.]   Plaintiff alleges he complained about the misclassification to the following people at Centinela: D. Uribe - Warden; D. Carmago - Facility C Captain; D. Bailey; J. Diaz - Institution Gang Investigator; S. Sandoval - Institution Gang Investigator; and J. Burgos - Institution Gang Investigator.  [ECF No. 1 at 2-6.]

In April of 2011, inmates at Centinela asked for and subsequently "checked" Plaintiff's 128-G informative crono paperwork, then questioned Plaintiff about his membership in a skinhead gang.  Plaintiff informed the inmates that he was not a skinhead, however, he was labeled a "skinhead drop out".  Plaintiff also alleges inmates discovered his children were of Filipino ancestry which further threatened his safety. [ECF No. 1 at 5.]  Four days after being "checked", on April 26, 2011, Plaintiff was stabbed by two inmates more than 30 times. [ECF No. 1 at 4-5.]  Plaintiff suffered severe injuries to his spine, lung, and spleen.  [ECF No. 1 at 5.]

**III.**

**DISCUSSION**

**A.     FED.R.CIV.P. 12(b)(6) Standard of Review**

A Rule 12(b)(6) dismissal may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).  In other words, the plaintiff's complaint must provide a "short and plain statement of the claim showing that [he] is entitled to relief." *Id.* (citing FED.R.CIV.P. 8(a)(2)).  "Specific facts are not necessary; the statement need only give the defendant[s] fair notice of what ... the

1   claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 127 S.

2   Ct. 2197, 2200 (2007) (internal quotation marks omitted).

3        A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to

4   state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

5   544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual

6   content that allows the court to draw the reasonable inference that the defendant is liable

7   for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949

8   (2009).  In addition, factual allegations asserted by *pro se* plaintiffs, "however inartfully

9   pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers."

10  *Haines v. Kerner,* 404 U.S. 519, 519-20 (1972).  Thus, where a plaintiff appears *in*

11  *propria persona* in a civil rights case, the Court must construe the pleadings liberally and

12  afford plaintiff any benefit of the doubt.  *See Karim-Panahi v. Los Angeles Police Dep't*,

13  839 F.2d 621, 623 9th Cir. 1988).

14        Nevertheless, and in spite of the deference the court is bound to pay to any factual

15  allegations made, it is not proper for the court to assume that "the [plaintiff] can prove

16  facts which [he or she] has not alleged." *Associated General Contractors of California,*

17  *Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).  Nor must the

18  court "accept as true allegations that contradict matters properly subject to judicial notice

19  or by exhibit" or those which are "merely conclusory," require "unwarranted deductions"

20  or "unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th

21  Cir.) (citation omitted), *amended on other grounds*, 275 F.3d 1187 (9th Cir. 2001); *see*

22  *also Ileto v. Glock Inc*., 349 F.3d 1191, 1200 (9th Cir. 2003) (court need not accept as

23  true unreasonable inferences or conclusions of law cast in the form of factual allegations).

24  **B.    Failure to Protect under the Eighth Amendment**

25        Defendants move to dismiss Plaintiff's Eighth Amendment failure to protect claim

26  arguing he has failed to allege facts demonstrating a specific threat against which

27  defendants should have protected him, and therefore cannot state a claim against any of

28  the named Defendants.  [ECF No. 17-1 at 6.]  Under the Eighth Amendment, prison

officials must "take reasonable measures to guarantee the safety of the inmates." *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984); *DeShaney v. Winnebago County Dep't of Social Services*, 489 U.S. 189, 199-200 (1989) ("[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being."). In fact, the Supreme Court has specifically held that this duty requires prison officials to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citations omitted). "Protecting the safety of prisoners and staff involves difficult choices and evades easy solutions." *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986).

In order to show a prisoner has been subjected to cruel and unusual punishment by an officer's failure to protect him, he must point to evidence in the record which demonstrates the alleged deprivation was objectively "sufficiently serious," *i.e.*, that the conditions he faced posed a "substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Second, because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," evidence must exist to show the defendant acted with a "sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (internal quotation marks, emphasis and citations omitted).

In a failure to protect case, "that state of mind is one of 'deliberate indifference' to inmate health or safety." *Farmer*, 511 U.S. at 834. Prison officials display a deliberate indifference to an inmate's well-being when they know of and consciously disregard an excessive risk of harm to that inmate's health or safety. *Farmer*, 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* Thus, "deliberate indifference" entails more than mere negligence, but may be satisfied with proof of something less than acts or omissions "for the very purpose of causing harm," or that a particular official "acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a

1   substantial risk of serious harm." *Farmer*, 511 U.S. at 842.  "Whether a prison official

2   had the requisite knowledge of a substantial risk" may be inferred if the prisoner pro-

3   duces evidence sufficient to show that the risk was "obvious." *Id.*

4          Here, Plaintiff has failed to provide factual allegations to sufficiently allege an

5   Eighth Amendment claim.  Plaintiff contends he "voiced [his] concerns to the following

6   staff members at [his] committy (*sic*) hearings D. Zanchi... D. Chapman ... Kellerman ...

7   Anaya ... Uribe ... Carmago ... Baily (*sic*) ... Diaz ... Sandoval ... Burgos ... and all of

8   above named staff chose to ignore my concerns until the incedent (*sic*) happend (*sic*) and

9   I was assulted (*sic*) and stabbed numorous (*sic*) times." [ECF No. 1 at 4.]  However, there

10  are no facts alleged from which anyone could infer that approximately two years *after*

11  Plaintiff disputed his gang affiliation label during a May 13, 2009 classification commit-

12  tee hearing at California Correctional Institution, Defendants *at a different correctional*

13  *facility*, Centinela, should have known Plaintiff would be attacked by fellow inmates on

14  April 26, 2011.  While Plaintiff alleges he was assaulted only four days after his informa-

15  tive paperwork was "checked" by inmates, Plaintiff does <u>not</u> allege that he was threat-

16  ened by the same inmates who learned of the information in his paperwork.  Moreover,

17  Plaintiff fails to allege he informed any of the Defendants that he was threatened by the

18  inmates who "checked" him or that a personal attack or some other "substantial risk of

19  serious harm" was forthcoming.  *Farmer*, 511 U.S. at 842.

20         Plaintiff included an exhibit to his Opposition brief entitled Attachment 1.  The

21  attachment consists of a Classification Committee Memorandum dated August 26, 2010

22  that states: "enemy concerns and gang membership with 'West Sacramento Skin heads'

23  with an AKA of 'Jerry'."  Defendant Burgos is listed on the memorandum as a committee

24  member.  Plaintiff refers to this memorandum in his opposition brief in an attempt to

25  show institutional gang investigator Defendant Burgos knew of Plaintiff's enemy

26  concerns but ignored the information in the memorandum and housed Plaintiff on Facility

27  C instead of in a protective administrative segregation unit.  [ECF No. 24 at 2.]  The

28  Court may not, however, consider materials outside of the pleadings on a motion to

dismiss.  *See Schneider v. Cal. Dep't of Corrections,* 151 F.3d 1194, 1197, n. 1 (9th Cir. 1998).  "The focus of any Rule 12(b)(6) dismissal . . . is the complaint."  *Id.*  Thus, the Court cannot consider Plaintiff's Attachment 1 to the opposition brief because it is not incorporated in the Complaint.  *Id.*  Even if the Court could consider the memorandum, it would not change the deliberate indifference analysis because nothing in the August 26, 2010 memorandum suggests Defendant Burgos had knowledge there would be a substantial risk of serious harm to Plaintiff eight months after the August 2010 classification hearing on April 26, 2011.

     After a careful review of the Complaint and its exhibits, there are no factual allegations in Plaintiff's Complaint which sufficiently allege any of the Defendants displayed deliberate indifference to Plaintiff's safety by consciously disregarding an excessive risk of harm to him.  *Farmer*, 511 U.S. at 837.  **IT IS THEREFORE RECOMMENDED** Defendants' Motion to Dismiss Plaintiff's Complaint for failing to state a claim pursuant to FED.R.CIV.P. 12(b)(6) be **GRANTED without prejudice**.

**C .    Causation in a § 1983 Claim**

     Defendants also argue for dismissal on the ground that Plaintiff fails to allege facts establishing their personal involvement in committee meetings where Plaintiff discussed his gang classification, fear for his personal safety and his request for a correction of the erroneous gang classification.  [ECF No. 17-1 at 7.]

     A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]."  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  "Causation is, of course, a required element of a § 1983 claim."  *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999).   "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  *Leer v. Murphy*, 844

1    F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976));

2    *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986).

3        Plaintiff argues in his opposition that Defendant Uribe is liable simply by virtue of

4    his position as the Warden at Centinela State Prison.  [ECF No. 24 at 5.]  However, there

5    is no *respondeat superior* liability under 42 U.S.C. § 1983.  *Palmer v. Sanderson,* 9 F.3d

6    1433, 1437-38 (9th Cir. 1993).  This rule, therefore, permits the dismissal of any defen-

7    dant against whom the complaint alleges only claims based on *respondeat superior* or

8    vicarious liability.  *Monell v. Department of Social Services of City of New York*, 436

9    U.S. 658, 691 (1978).  To avoid the *respondeat superior* bar, the plaintiff must allege

10    personal acts by the defendant which have a <u>direct</u> causal connection to the constitutional

11    violation at issue.  *Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986); *Bergquist v.*

12    *County of Cochise*, 806 F.2d 1364, 1369 (9th Cir. 1986).

13        Here, Plaintiff fails to state sufficient facts that demonstrate the acts or omissions

14    of Defendant Uribe as warden contributed to his attack.   Similarly, there are insufficient

15    facts alleged to show the conduct of Defendants Zanchi and Chapman who were <u>not</u>

16    employed at Centinela (where the attack took place) caused the assault on Plaintiff.

17    Finally, there are no classification committee memos attached to the Complaint which

18    *precede* the April 26, 2011 attack and refer to Centinela-employed Defendants Diaz,

19    Sandoval, Camargo, Bailey and Burgos such that the Court could infer they knew of and

20    disregarded a excessive risk of harm to Plaintiff, which may have resulted in his assault.

21    Thus, **IT IS RECOMMENDED** the Court **GRANT** Defendants' Motion to Dismiss

22    Plaintiff's Eighth Amendment claim pursuant to Fed. R. Civ. P 12(b)(6) without preju-

23    dice.

24    ///

25    ///

26    ///

27    ///

28    ///

**IV.**

**CONCLUSION**

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue an Order **GRANTING** Defendant's Motion to Dismiss Plaintiff's Complaint with leave to amend.[1]

**IT IS ORDERED** that no later than **October 14, 2013** any party to this action may file a written objection with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **November 4, 2013**. The parties are advised that failure to file objections within the specified time may result in a waiver of the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *see also Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: September 23, 2013

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S. District Court

---

[1]A court order which grants a motion to dismiss a complaint must be accompanied by leave to amend unless amendment would be futile. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc); *Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d 979, 983 (9th Cir. 2000); *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (where amendment of litigant's complaint would be futile, denial of leave to amend is appropriate); *accord Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

12cv2491 JLS (WMc)